**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4534

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER EDMOND JONES,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cr-00356-LCB-5)

Submitted:  April 25, 2023                                    Decided:  April 27, 2023

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and MOTZ, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: Mark E. Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Edmond Jones pled guilty, pursuant to a written plea agreement, to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); carjacking, in violation of 18 U.S.C. § 2119(1); and conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The district court sentenced him to a total term of 188 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Jones' sentence is substantively reasonable. Jones was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss Jones' appeal pursuant to the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Our review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, confirms that Jones knowingly and

2

intelligently waived his right to appeal his convictions and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the sentencing issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Jones' valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3